# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HASSIE MEGRAVE,**<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>**DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS,**<br><br>　　　　　　　　　　　　Respondent. | Case No. 11cv2573 LAB (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION FOR VOLUNTARY DISMISSAL OF UNEXHAUSTED CLAIMS**<br><br>(Doc. 6.) |

## I. BACKGROUND

Petitioner, Hassie Megrave, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C § 2254 on November 3, 2011, challenging his conviction in San Diego County Superior Court case number SCD220619. (Doc. 1.) A jury found Megrave guilty of failing to register as a sex offender within five working days of coming into San Diego in violation of California Penal Code § 290, subd. (b) and failing to register as a sex offender within five working days of his birthday in violation of California Penal Code § 290.012. (Doc. 1 at 1, 31-32.) Megrave admitted two prior prison terms and the trial court sentenced him to four years in prison. (Doc. 1, at 32.) The California Court of Appeal affirmed Megrave's conviction on April 29, 2011. (Doc. 1, at 31.) On May 27, 2011, the Clerk of Court for the California Court of Appeal, Fourth Appellate District sent Megrave a letter indicating that the court had received

Megrave's petition for rehearing and forwarded the document to Megrave's appellate attorney, Robert Booher. (Doc. 1, at 112.) On August 10, 2011, the Supreme Court of California denied Megrave's petition for review. (Doc. 1, at 65.) On September 12, 2011, Megrave filed a "petition for rehearing" in the Supreme Court of California, which the court returned unfiled. (Doc. 1, at 67-68.)

On December 16, 2011, this Court issued a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations. (Doc. 4.) In the Notice, this Court cautioned Megrave that a one-year limitations period applies to a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court and informed Megrave about two possible options in dealing with any potential failure to exhaust state remedies: 1) filing a request for voluntary dismissal of unexhausted claims and proceeding with exhausted claims; or 2) filing a dismissal without prejudice of the current federal action and exhausting all remedies in state court. (Doc. 4, at 3.) On December, 29, 2011, Petitioner filed a Motion for Voluntary Dismissal of Unexhausted Claims, requesting this Court to dismiss unexhausted claims and proceed with the claims raised in the California Supreme Court. (Doc. 6, at 1.)

**II. DISCUSSION**

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320 (1997). Under AEDPA, a federal court may not grant a writ of habeas corpus unless a petitioner has exhausted all available State remedies. 28 U.S.C. § 2254(b)(1) & (c). Following direct review of his conviction, Megrave did not file any petition seeking habeas relief in state court. (Doc. 1, at 3.) Because Megrave did not exhaust State remedies, this Court is required to dismiss the Petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

**III. CONCLUSION AND RECOMMENDATION**

For the foregoing reason, IT IS HEREBY RECOMMENDED that the Court issues an Order: 1) approving and adopting this Report and Recommendation, 2) **GRANTING** Petitioner's Motion for Voluntary Dismissal of Unexhausted Claims and **DISMISSING** the

Petition without prejudice.

    This Court submits this Report and Recommendation to United States District Judge Larry Alan Burns under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d)(4) of the United States District Court for the Southern District of California.  Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before February 20, 2012.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before March 12, 2012.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

    IT IS SO ORDERED

Dated: January 30, 2012

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court